UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES CAMARILLO, | § | No. SA:15–CV–766–DAE |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Inst. Division, | § | |
| | § | |
| Respondent. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

Before the Court is a Report and Recommendation by United States Magistrate Judge John W. Primomo (Dkt. # 6) regarding a writ of habeas corpus filed by Petitioner Charles Camarillo ("Camarillo" or "Petitioner") pursuant to 28 U.S.C. § 2254 (Dkt. # 1). The Court finds this matter suitable for disposition without a hearing. W.D. Tex. Civ. R. 7(h). After reviewing the motion, for the reasons that follow, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DISMISSES IN PART AND DENIES IN PART** Camarillo's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 1).

1

BACKGROUND

Charles Camarillo is currently an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Dkt. # 9 at 1.)  He filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. # 1.)

On March 24, 2011, Mr. Camarillo pled guilty to the charge of aggravated assault causing serious bodily injury, a second degree felony, in the 25th Judicial District Court of Gonzales County, Texas.  (Dkt. # 4 at 91–95.)  Mr. Camarillo's guilty plea acknowledges that the range of punishment for a second degree felony is between two and twenty years in TDCJ-CID and a fine of up to $10,000.00.  (Id. at 91.)  Mr. Camarillo was placed on deferred adjudication for ten years and charged $500.00.  (Id. at 95.)

On August 24, 2013, the State of Texas brought a Second Amended Motion to Adjudicate Guilt, alleging that Mr. Camarillo violated the terms of his probation on multiple grounds, including: (1) Harassment of a Public Servant on August 7, 2012 in Travis County, Texas; (2) failure to notify his Probation Officer of an address change as required by his terms of Community Supervision; and (3) failure to pay various fees and fines, including his Community Supervision Fee, a portion of his Court costs, and court-appointed attorney's fees.  (Dkt. # 4 at 113-17.)  Camarillo admitted guilt as to most of the violations; the trial court

2

adjudicated guilt and sentenced Camarillo to eight years' incarceration in TDCJ-CID.  (Id.)  Mr. Camarillo timely appealed.  (Dkt. # 4 at 122–23.)

Camarillo's appeal focused on one issue: that his due process rights were violated when he was not permitted to present additional evidence after the trial court adjudicated his guilt in his revocation proceedings.  (Dkt. # 4 at 145–46.) The appellate court affirmed the judgment of the trial court after determining that Camarillo was given the opportunity to present punishment evidence during the adjudication proceedings, and that this sufficiently protected petitioner's legal rights.  (Id. at 147–48.); Camarillo v. State, No. 13–13–00472–CR (Tex. App. 2014).

On April 17, 2015, Camarillo filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure; the Texas Court of Criminal Appeals denied the application on June 17, 2015, without a written order in application number WR–44,106-05.  (Dkt. # 3 at 1.)

On August 7, 2015, Mr. Camarillo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 guilty plea: he stated that it was not knowingly and voluntarily entered into due to ineffective assistance of counsel.[1]  (Dkt. # 1 at 6–8.)  Mr. Camarillo raises three issues regarding his

---

[1] The petition was placed in the prison mailing system on August 17, 2015; accordingly, it is deemed filed on that date.  Windland v. Quarterman, 578 F.3d 314, 318 (5th Cr. 2009).

2013 revocation proceeding and subsequent appeal: ineffective assistance of counsel during both the revocation proceeding and subsequent appeal, and error on the part of the revocation judge.  (Id. at 6, 9–10.)

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation.  Fed. R. Civ. P. 72(b)(2).  The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Here, Camarillo's objection to the Magistrate Judge's Report and Recommendation is exceedingly broad; rather than specifically objecting to any finding or conclusion, Mr. Camarillo merely objects to Judge Primomo's rulings.

(Dkt. # 9 at 1.)  Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

First, the Magistrate Judge found that Mr. Camarillo's challenge to his 2011 guilty plea is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, grants a "state prisoner . . . one year to file a federal habeas petition, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.'"  McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013) (quoting 28 U.S.C. § 2244(d)(1)(A).)  Where the petitioner alleges that he possesses newly-discovered evidence, "the filing deadline is one year from 'the date on which the factual predicate of the clam or claims presented could have been discovered through the exercise of due diligence.'"  Perkins, 133 S. Ct. 1929 (quoting 28 U.S.C. § 2244(d)(1)(D).).  Here, the Magistrate Judge determined the judgment against Mr. Camarillo became final on June 24, 2011, thirty days after his sentence of deferred adjudication was imposed.  (Dkt. # 6); Caldwell v. Dretke, 429, F.3d 521, 529–30 (5th Cir. 2005).  Mr. Camarillo does not allege that he possesses any newly-discovered evidence.  Accordingly, the AEDPA limitations period expired on June 24, 2012.  This Court finds that the determination is not clearly erroneous; accordingly, this Court adopts Judge Primomo's recommendation, and this portion of the § 2254 application should be **DISMISSED**.

Second, the Magistrate Judge found that Mr. Camarillo did not demonstrate that his counsel was deficient during the 2013 revocation proceedings, or that any deficiencies caused him to be prejudiced in making his defense. (Dkt. # 6 at 7–8.) Mr. Camarillo's petition states that his attorney did not file a motion to recuse Judge William Old, III from hearing the revocation proceedings, though Judge Old had represented Camarillo's co-defendant during the 2011 proceedings.

"A judge will . . . violate a defendant's due process rights if he is biased against the defendant or has an interest in the outcome of the case." Buntion v. Quarterman, 524 F.3d 664, 672 (5th Cir. 2008). However, "[b]ias is a difficult claim to sustain under AEDPA because the Supreme Court's case law on bias has 'acknowledge[d] that what degree or kind of interest is sufficient to qualify a judge from sitting 'cannot be defined with precision.'" Buntion, 524 F.3d at 672 (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 822 (1986)) (alterations in original). To sustain a claim for bias, the petitioner must plead that the judge had actual bias, or certain enumerated presumptive biases. Buntion, 524 F.3d at 672. The Magistrate Judge concluded that Mr. Camarillo did not plead the existence of either, but merely alleged the existence of a conflict of interest; this is insufficient for purposes of AEDPA. (Dkt. # 6 at 6–7.) This finding was not in clear error. Accordingly, Mr. Camarillo's revocation counsel was not ineffective

for failure to object to Judge Old's previous representation of Mr. Camarillo's co-defendant.

Third, the Magistrate Judge found that Mr. Camarillo was not prejudiced when he was not allowed to present evidence prior to sentencing, because he was permitted to present mitigating evidence prior to adjudication of guilt.  (Dkt. # 6 at 9.)  No constitutional right is implicated where the sentencing judge does not hear additional evidence after the adjudication of guilt, and the Magistrate Judge's decision was not in clear error.

Finally, the Magistrate Judge concluded that Mr. Camarillo's appellate attorney did not render ineffective assistance of counsel for failure to raise an objection to the <u>trial court's</u> failure to consider additional evidence at <u>sentencing</u>.  (Dkt. # 6 at 7–8.)  The Magistrate Judge reached this conclusion after noting that the Court of Appeals considered whether Mr. Camarillo had been denied the right to present punishment evidence prior to sentencing, and found that he had not been denied any right.  (<u>Id.</u> at 8.)  Accordingly, the deficiencies, if any, of Mr. Camarillo's appellate counsel did not cause him prejudice, and this conclusion was not in clear error.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

For the reasons stated above, the Court adopts the Magistrate Judge's conclusions and finds that Mr. Camarillo's § 2254 application for a writ of habeas corpus should be **DENIED** with regard to the 2013 revocation proceeding.

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 6) and **DENIES IN PART AND DISMISSES IN PART** the Petition for Writ of Habeas Corpus, filed by Charles Camarillo (Dkt. # 1).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 26, 2016.

_____
David Alan Ezra
Senior United States Distict Judge